# In the United States Court of Federal Claims

Nos. 12-863C and 12-883C

(Filed Under Seal:  April 25, 2014)

Reissued:  May 12, 2014[1]

_____

| | |
|---|---|
| INSIGHT SYSTEMS CORP., and CENTERSCOPE TECHNOLOGIES, INC., | * * * * * * * * * * * * |
| Plaintiffs, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

Bid protest case; Application for attorney's fees; Equal Access to Justice Act – 28 U.S.C. § 2412(d)(1)(A); Position of the United States was substantially justified; Motion for bid preparation and proposal costs; Jurisdiction existed to award costs even after the entry of a permanent injunction; Costs not awarded where protestor fails to demonstrate that it unnecessarily incurred bid preparation and proposal costs.

_____

## OPINION and ORDER
_____

*Richard J. Webber*, Arent Fox, LLP, Washington, D.C., for Insight Systems Corporation; *John R. Tolle*, Barton, Baker, Thomas and Tolle, LLP, McLean, VA, for CenterScope Technologies, Inc.

*Matthew Paul Roche,* Civil Division, United States Department of Justice, with whom was Assistant Attorney General *Stuart F. Delery*, for defendant.

**ALLEGRA, Judge:**

Before the court, in these bid protest cases, are motions for attorney's fees filed by both plaintiffs, and a motion for bid preparation and proposal costs filed by plaintiff CenterScope Technologies, Inc. (CenterScope).

_____

[1] An unredacted version of this opinion was issued under seal on April 25, 2014.  The parties were given an opportunity to propose redactions, but no such proposals were made. Nevertheless, the court has incorporated some minor changes into this opinion.

# I.

On December 11, 2012, and December 14, 2012, Insight Systems Corp. (Insight) and CenterScope filed complaints, respectively, in this court.  On December 21, 2012, the court consolidated the cases.  On April 22, 2013, this court granted plaintiffs' motions for judgment on the administrative record and denied defendant's cross-motion.  *Insight Systems Corp. v. United States*, 110 Fed. Cl. 564 (2013).  The court issued a permanent injunction precluding the United States Agency for International Development (USAID) from proceeding with the procurement at issue absent complying with the terms of the injunction.  *Id.*  Although not provided for in this court's order, on April 23, 2013, the Clerk issued a judgment in both cases.

On July 12, 2013, and July 19, 2013, Insight and CenterScope moved, respectively, for attorney's fees, pursuant to RCFC 54(d)(2) and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).  On August 5, 2013, USAID informed all concerned parties that it was cancelling the procurement and intended to issue a new solicitation in 2014 "for a larger, small business set-aside procurement that will entail a changed scope of work."  USAID also stated that it intended to "incorporate all the present requirements of the cancelled procurement into the new solicitation."  On September 18, 2013, CenterScope filed a motion for award of bid preparation and proposal costs.  Briefing on both motions was thereafter completed.

On December 6, 2013, this court ordered defendant to file a status report indicating the progress of USAID's new procurement following its cancellation of the old solicitation.  On December 19, 2013, defendant reported that USAID was proceeding with a follow-on procurement and had posted on November 22, 2013, an expression of interest (EOI) on the FedBizOpps.gov website for solicitation number SOL-OAA-14-000024 (Global Health Services III).  Defendant further reported that "USAID received 22 responses from small businesses, including from Insight Systems Corp., but not from CenterScope Technologies, Inc."

On February 26, 2014, this court ordered an additional update by defendant on the status of the new procurement.  On March 21, 2014, defendant filed a status report indicating that on March 7, 2014, USAID issued a Request for Proposals (RFP) on the FedBizzOpps.gov website for the Global Health Services III solicitation.  That RFP stated that USAID intends to award a cost-plus, fixed-fee term contract for a term of five years.  Further, the procurement would be "a total small business set-aside," with proposals due by April 7, 2014.  On March 24, 2014, CenterScope responded to defendant's status report indicating that under the North American Industry Classification System (NAICS), it would "not be able to certify that it is small" for purposes of the Global Health Services III RFP and thus would be unable to submit a proposal.  CenterScope provided no further facts or explanation as to why this may be the case.  On April 1, 2014, defendant responded to CenterScope's status report, asserting that the contractor's claim that it could not submit a proposal was "unsupported" and "contradicted by CenterScope's certification in the Federal Government's System for Award Management (SAM) online database, www.SAM.gov, and by its representations to the [c]ourt."  Defendant also noted that the NAICS

code for the new procurement is 541990, which is the same code under which CenterScope claimed small-business eligibility in its SAM certification.

Argument on the pending motions is deemed unnecessary.

## II.

The court turns first to plaintiffs' motions for attorney's fees. As a threshold matter, this court must determine whether the position of the United States in this case was substantially justified. The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), states, in pertinent part, that "a court shall award to a prevailing party other than the United States fees and other expenses, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Defendant bears the burden of proving that its position was substantially justified. *See Helfer v. West*, 174 F.3d 1332, 1336 (Fed. Cir. 1999); *Doty v. United States*, 71 F.3d 384, 385 (Fed. Cir. 1995); *Abramson v. United States*, 45 Fed. Cl. 149, 152 (1999). It must show that its position throughout the dispute was "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Chiu v. United States*, 948 F.2d 711, 715 (Fed. Cir. 1991). Such an inquiry focuses not only on the position taken by the Justice Department before this court, but also on the agency's prelitigation conduct. *See Comm'r of I.N.S. v. Jean*, 496 U.S. 154, 159 (1990); *Hubbard v. United States*, 480 F.3d 1327, 1332 (Fed. Cir. 2007); *Smith v. Principi*, 343 F.3d 1358, 1361-62 (Fed. Cir. 2003).

The Supreme Court has instructed that the Government's "position can be justified even though it is not correct," requiring that that position have a "reasonable basis in law and fact." *Pierce*, 487 U.S. 566 n.2; *see also Norris v. S.E.C.*, 695 F.3d 1261, 1265 (Fed. Cir. 2012). The courts have been particularly hesitant to impose attorney's fees in matters of first impression. *See White v. Nicholson*, 412 F.3d 1314, 1316 (Fed. Cir. 2005); *Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. United States*, 837 F.2d 465, 467 (Fed. Cir. 1988); *Gava v. United States*, 699 F.2d 1367, 1371 (Fed. Cir. 1983); *see also Marcus v. Shalala*, 17 F.3d 1033, 1037 (7th Cir. 1994). Indeed, the legislative history of EAJA makes clear that the governing standard allows defendant to advance "'in good faith . . . novel but credible . . . interpretations of the law.'" *Russell v. Nat'l Mediation Bd.*, 775 F.2d 1284, 1290 (5th Cir. 1985) (quoting H.R. Rep. No. 80-1418 at 11 (1980)); *see also Renee v. Duncan*, 686 F.3d 1002, 1017 (9th Cir. 2012).

The instant case presented a matter of first impression to this court. The factual situation here was somewhat unique, requiring the court, *inter alia*, to order defendant to file, as part of the administrative record, the contracts and procedures governing its mail servers. Although this court found that the agency's actions were contrary to the Federal Acquisition Regulations, and arbitrary and capricious, there was little decisional guidance that previously would have signaled this conclusion. Defendant advanced arguments in support of the actions taken below that relied on prior decisions of this court and the General Accountability Office. *See, e.g., Conscoop-Consorzia v. United State*s, 62 Fed. Cl. 219, 239-40 (2004); *Sea Box, Inc.*, 2002 C.P.D. ¶ 181 (2002). Although the court concluded that, based upon the language of the regulations, those

decisions were wrong (or in the case of *Conscoop-Consorzia* at least distinguishable), it cannot say that defendant's reliance on these prior opinions was not substantially justified.  *See Devine v. Sutermeister*, 733 F.2d 892, 895 (Fed. Cir. 1984) ("[T]he justification for the government's litigating position must be measured against the law as it existed . . . , and not against the new law enunciated by the court in its opinion."); *see also Watterson Constr. Co. v. United States*, 106 Fed. Cl. 609, 618 (2012).  In these circumstances, the court concludes that the position of the United States in this litigation was substantially justified and that an award of attorney's fees is, therefore, inappropriate.

### III.

Only CenterScope seeks bid preparation and proposal costs.

Following the court's April 22, 2013, order, the Clerk entered judgment pursuant to RCFC 58.  Defendant argues that this case is now "closed" and asserts that the court does not have jurisdiction under 28 U.S.C. § 1491(b)(2) to determine whether CenterScope is entitled to monetary relief.  Contrary to defendant's claims, the entry of a permanent injunction in a case, whether succeeded *vel non* by the Clerk's filing of a judgment under RCFC 58, does not deprive this court of further jurisdiction over the case.  The continuing responsibility of this court over its decrees "is a necessary concomitant of the prospective operation of equitable relief," 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2961 (2014), and has its roots in the power of courts to modify decrees "as events may shape the need."  *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932).  In the court's view, nothing about the Clerk's *pro forma* entry of a judgment under RCFC 58, prevents this court from revisiting its decree in a bid protest case to address subsequent events.  *See* RCFC 60, 65; *see also CNA Corp. v. United States*, 83 Fed. Cl. 1, 5-6 (2008) (discussing this court's ability to award bid preparation and proposal costs after the entry of a judgment under RCFC 58).  A contrary ruling might encourage an agency to play a procurement version of thimblerig – indicating that a new procurement was anticipated, only to proceed otherwise after the time for bid preparation and proposal costs has run.

The problem with CenterScope's request for costs is not jurisdictional, then, but rather the fact that CenterScope has not met its evidentiary burden.  "Bid preparation and proposal costs can be awarded by courts as an appropriate way to try to compensate, at least in part, a victim of unjust government action during the procurement process."  *CNA Corp.*, 83 Fed. Cl. at 11.  Those costs are recoverable only if three conditions are satisfied:  (i) the agency has committed a prejudicial error in conducting the procurement; (ii) that error caused the protester to incur unnecessarily bid preparation and proposal costs; and (iii) the costs to be recovered are both reasonable and allocable, *i.e.*, incurred specifically for the contract in question.  *Reema Consulting Servs., Inc. v. United States*, 107 Fed. Cl. 519, 532 (2012) (citing cases); *see also Caddell Constr. Co., Inc. v. United States*, 111 Fed. Cl. 49, 119 (2013).  The second prong of this analysis, with its causation requirement, does not permit a protester to recover compensation if the costs wasted on the initial procurement become necessary in a second procurement.  *See Reema*, 107 Fed. Cl. at 532; *CNA*, 107 Fed. Cl. at 11.

In the case *sub judice*, CenterScope initially claimed that it was entitled to bid preparation and proposal costs because USAID decided to cancel the first procurement.  In its motion, it indicated that "[i]f the Agency would not have cancelled the procurement, [CenterScope's] bid preparation and proposal costs would not have been unnecessarily incurred."  However, plaintiff continued to seek those costs even after the agency, as it had previously indicated it would do, initiated a second procurement covering essentially the same subject matter as the first (enjoined) procurement.  CenterScope claimed that it could not submit a proposal in response to this second RFP because it could not certify that it was a small business under the NAICS code that is the subject of the procurement.  However, it provided no factual support for this claim – and defendant supplied evidence to refute this claim.

Because CenterScope has failed to show that it could not participate in the second procurement, the court finds that it has not shown that the error previously documented caused it to incur unnecessarily bid preparation and proposal costs.  Rather, it would appear that CenterScope, had it chosen, could have used materials prepared for the first procurement in the second.  Accordingly, those costs were not rendered unnecessary by the agency's prior error.  At the least, CenterScope has not shown otherwise.  As such, the court finds that CenterScope is not entitled to recover bid preparation and proposals costs in this action.  *Compare Bannum, Inc. v. United States*, 56 Fed. Cl. 453, 462 (2003) ("If plaintiff becomes a disappointed offeror because another vendor is awarded the contract or if the solicitation is cancelled, it could be entitled to bid preparation costs if it could show in those circumstances that the government action was illegal and that it was prejudiced by the illegality.").

Based on the foregoing, the court hereby **DENIES** plaintiffs' motions for attorney's fees and **DENIES** CenterScope's motion for bid preparation and proposal costs.[2]

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge

---

[2]  This opinion and order shall be published, as issued, after May 9, 2014, unless the parties identify protected and/or privileged materials subject to redaction prior to that date.  Any such materials shall be identified with specificity, both in terms of the language to be redacted and the reasons for each redaction (including appropriate citations to authority).